STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

December 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Thomas Eugene Gardner, Jr.,**
**Petitioner Below, Petitioner**

**vs) No. 15-0356** (Marion County 14-C-639)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Eugene Gardner, Jr., *pro se*, appeals the March 24, 2015, order of the Circuit Court of Marion County summarily dismissing his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal case, petitioner was indicted on one count of distribution or exhibition of obscene material to a minor in violation of West Virginia Code § 61-8A-2(a). The indictment stemmed from allegations that petitioner telephoned a girl he knew to be thirteen years old, engaged her in a sexually explicit conversation, and then played a recording depicting the rape of a child. Defense counsel filed a motion to dismiss the indictment on the ground that the telephone call did not fit the definition of "distribute" found in West Virginia Code § 61-8A-1, which was denied. Petitioner pled guilty to the charge on January 19, 2011, but reserved the right to appeal.

On the same day that petitioner entered his guilty plea, the State filed a recidivist information against petitioner based on his guilty plea and his prior felony convictions for

1

statutory rape, involuntary deviate sexual intercourse, kidnapping, and failure to register as a sexual offender. Petitioner pled guilty to the recidivist information despite the circuit court's warning that "[a]n admission that you were convicted of three or more prior felonies prior to the alleged felony will result in you being sentenced to the penitentiary for the remainder of your natural life." At his sentencing hearing, petitioner argued that his prior convictions were too remote in time to be used as the basis for a life sentence and that his conduct related to his conviction for distribution or exhibition of obscene material to a minor was not violent and did not contain the threat of violence. Thus, petitioner claimed that it was unconstitutional to sentence him to life in prison under the recidivist statute. The circuit court rejected these arguments, and sentenced petitioner to a life in prison pursuant to the recidivist statute.

Petitioner appealed to this Court. In *State v. Gardner*, No. 11-0714, 2012 WL 2892240 (W.Va. Supreme Court, February 13, 2012) (memorandum decision) ("*Gardner I*"), we affirmed petitioner's convictions and sentence. Petitioner first argued that the circuit court erred in ruling that an obscene telephone call was a "distribution" as defined by West Virginia Code § 61-8A-1.[1] *Id.* at *1-2. This Court rejected petitioner's argument, finding that "[t]he term 'distribute' as used in the statute includes 'transmit' and this telephone call falls within that definition, as petitioner used the telephone to 'transmit' obscene materials to a minor." *Id.* at *2. Second, Petitioner argued that his life recidivist sentence pursuant West Virginia Code § 61-11-18 violated the proportionality principle of the West Virginia Constitution because the felony which triggered the recidivist statute was not a violent crime, and it had been at least nineteen years since he was convicted of a violent crime. *Id.* This Court rejected petitioner's argument, finding that the use of the recidivist statute did not constitute error because of "petitioner's history of sex-based crimes, and the fact that the telephone conversation in question dealt with explicit discussions of rape." *Id.* at *3.

Petitioner filed his first petition for a writ of habeas corpus in *Gardner v. Ballard*, No. 13-1301, 2014 WL 5546202 (W.Va. Supreme Court, November 3, 2014) (memorandum decision) ("*Gardner II*"). Petitioner received appointment of counsel, and an omnibus hearing was held on October 25, 2013. *Id.* at *2. On November 26, 2013, the circuit court denied petitioner's petition. *Id.* When he appealed the denial of habeas relief, petitioner raised the following four assignments of error: (1) the State breached the terms of his written plea agreement, or, by its actions, led petitioner to believe that it would not file a recidivist information against him if he pled guilty to distribution or exhibition of obscene material to a minor; (2) the circuit court lacked jurisdiction to impose a life sentence upon petitioner because it failed to follow the strict procedural requirements set forth in West Virginia Code § 61-11-19 regarding recidivist proceedings; (3) trial counsel was ineffective in failing to identify the procedural defect in the information charging petitioner as a recidivist; and (4) the cumulative effect of various errors prevented petitioner from receiving a fair trial. *Id.* at *2-5. This Court rejected petitioner's arguments and affirmed the denial of his habeas petition. *Id.*

---

[1]Prior to West Virginia Code § 61-8A-1's amendment in 2012, the definition of "distribute" was found at West Virginia Code § 61-8A-1(d). Now, it is found at West Virginia Code § 61-8A-1(e) and is substantively unchanged.

Petitioner filed the instant habeas petition on January 20, 2015, raising the following grounds for relief: (1) this Court's affirmation in *Gardner I* of the circuit court's ruling that an obscene telephone call was a "distribution" as defined by West Virginia Code § 61-8A-1 was erroneous either because it involved an ex post facto application of the 2012 amendment to West Virginia Code § 61-8A-1 or the statute's 2012 amendment showed that an obscene telephone call was not a "distribution" prior to its enactment; (2) the Legislature has provided prosecutors insufficient guidance as to what offense may be appropriately charged because, while West Virginia Code § 61-3C-14a, West Virginia Code § 61-8-16, and West Virginia Code § 61-8A-2 prohibit similar conduct, only § 61-8A-2 provides for a felony conviction; and (3) petitioner's Pennsylvania conviction for involuntary deviate sexual intercourse was improperly used as one of the predicate offenses in the recidivist information against petitioner. The circuit court rejected petitioner's grounds for relief and summarily dismissed his petition by an order entered on March 24, 2015. Petitioner now appeals to this Court.

We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

On appeal, petitioner reiterates the three issues raised in his habeas petition. First, petitioner contends that an obscene telephone call was not a "distribution" as defined by West Virginia Code § 61-8A-1 despite our finding in *Gardner I* that it was. We initially note that, contrary to petitioner's allegation in his petition, there is no possibility that the Ex Post Facto Clauses[2] were violated in this case because West Virginia Code § 61-8A-1 was not amended until after our decision in *Gardner I*. However, petitioner further asserts that the subsequent amendment to West Virginia Code § 61-8A-1 casts doubt on whether our determination was consistent with the statute as it then read. We construe petitioner's argument as one based on due process of law as discussed in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). *See State ex rel. Lorenzetti v. Sanders*, 235 W.Va. 353, __, 774 S.E.2d 19, 32 (2015) (stating that "[i]f a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect.") (quoting *Bouie*, 378 U.S. at 353-54) (internal quotations omitted). Respondent argues that the 2012 amendment merely clarified what conduct West Virginia Code § 61-8A-1 prohibits. Having reviewed our ruling in *Gardner I*, we agree with respondent that it was neither unexpected or indefensible by reference to the language West Virginia Code § 61-8A-1 used at the time of

---

[2]Article 1, section 9, clause 3 of the United States Constitution provides that "[n]o . . . ex post facto Law shall be passed." Article 3, section 4 of the West Virginia Constitution also provides that "[n]o . . . ex post facto law . . . shall be passed."

petitioner's offense. Therefore, we find no merit in this assignment of error.

Next, petitioner contends that while West Virginia Code § 61-3C-14a, West Virginia Code § 61-8-16, and West Virginia Code § 61-8A-2 prohibit similar conduct,[3] only § 61-8A-2 provides for a felony conviction. Petitioner asserts that charging him pursuant to West Virginia Code § 61-8A-2 was both an abuse of discretion by the prosecutor and disproportionate to the nature of the act committed because West Virginia Code § 61-3C-14a and West Virginia Code § 61-8-16 provide that petitioner's conduct should have been a misdemeanor. Respondent counters—and the circuit court ruled—that a critical difference exists between West Virginia Code § 61-8A-2, on the one hand, and West Virginia Code § 61-3C-14a and West Virginia Code § 61-8-16. Unlike the other two statutes, West Virginia Code § 61-8A-2 has as its purpose the protection of minors against the distribution of obscene material. We agree with respondent and the circuit court that petitioner's victim's status as a minor constituted a legitimate justification for treating otherwise analogous conduct differently. *See Wisconsin v. Mitchell*, 508 U.S. 476, 487-88 (1993) (stating that conduct that is thought to inflict greater individual and societal harm may be punished more severely). Therefore, we reject this assignment of error.

Finally, petitioner contends that he should not have received a life sentence pursuant to the recidivist statute. In *Gardner I*, we determined that petitioner's recidivist life sentence was not unconstitutionally disproportionate. 2012 WL 2892240, at *2-3. In *Gardner II*, we found that the imposition of petitioner's recidivist life sentence was not procedurally deficient pursuant to West Virginia Code § 61-11-19. 2014 WL 5546202, at *3-4. In the present appeal, petitioner attacks the eligibility of his prior convictions utilized as predicate offenses in the recidivist information against him. *See* W.Va. Code § 61-11-18(c) ("When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."). We note that a review of petitioner's habeas petition shows that in the circuit court, petitioner challenged only the use of his Pennsylvania conviction for involuntary deviate sexual intercourse as a predicate offense. Accordingly, the circuit court ruled that, because three other convictions were relied upon by the State as predicate offenses, even if petitioner could show that the challenged offense should not have been used, a recidivist life sentence would still be permitted by West Virginia Code § 61-11-18(c). "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958). We decline to address petitioner's arguments regarding his other predicate offenses because those offenses were not challenged in the circuit court. Therefore, we find that the circuit court did not err in determining that a recidivist life sentence was properly imposed pursuant to West Virginia Code § 61-11-18.[4] We conclude that the circuit court did not abuse its discretion in summarily

---

[3]West Virginia Code § 61-3C-14a prohibits obscene, anonymous, harassing and threatening communications by various electronic devices, while West Virginia Code § 61-8-16 prohibits obscene telephone calls.

[4]Consistent with *Sands*, we also decline to address respondent's argument that the instant habeas petition is barred by the doctrine of res judicata.

dismissing petitioner's petition for writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II